UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM J. HUDSON, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 3:17-cv-209 |
| PATRICK AUTO GROUP, LLC and JEREMIAH PATRICK, | ) |
| Defendants | ) |

## COMPLAINT FOR DAMAGES

Comes now the plaintiff, William J. Hudson ("Hudson"), by his counsel, and for his claims against the defendants, Patrick Auto Group, LLC and Jeremiah Patrick (hereinafter collectively "Patrick Auto Group" unless individually identified), alleges and says:

### I. FACTUAL ALLEGATIONS

1. Hudson currently resides in Hamlet, Starke County, Indiana.

2. Defendant Patrick Auto Group, LLC is an automobile dealership in Knox, Starke County, Indiana. Defendant Jeremiah Patrick is the person with operational control of the Patrick Auto Group. Mr. Patrick had the ultimate authority over Hudson as an employee and Mr. Patrick made the decisions regarding Hudson's wages which resulted in violations of the Fair Labor Standards Act (and the Indiana Wage Claims Statute). Mr. Patrick is jointly and severally liable with Patrick Auto Group for the wage and hour violations that have harmed Hudson.

3. Patrick Auto Group hired Hudson as an employee in approximately September 2016. Hudson was hired to perform work as an auto body technician, a mechanic, to perform detail work on the cars and to assist in running the automobile lot. Hudson was initially paid at the rate of $8.00 per hour. That sum was increased to $9.00 per hour in October 2016 and to $10.00 per hour in November 2016.

4. Patrick Auto Group terminated Hudson's employment on February 15, 2017.

5. Throughout Hudson's employment with Patrick Auto Group, Hudson regularly worked fifty (50) or more hours per week. In some weeks, Hudson worked up to sixty (60)

hours. Hudson's normal work schedule entailed work from 6:00 a.m. to at least 4:30 p.m., Monday through Friday.

6. In almost every work week that Hudson worked for Patrick Auto Group over the five to six months of his employment, Hudson worked well over forty (40) hours in that work week. Hudson averaged at least ten (10) overtime hours (hours worked in excess of 40 in the week) per work week.

7. Patrick Auto Group kept track of Hudson's work hours on a time clock.

8. Patrick Auto Group failed and refused to pay Hudson at an overtime premium rate (one and one-half times his regular rate of pay) for any of the overtime hours Hudson worked each week. Instead, Patrick Auto Group would only pay Hudson at his regular hourly rate of pay for hours he worked each week in excess of forty (40). Patrick Auto Group owes substantial unpaid overtime compensation to Hudson. Patrick Auto Group did not pay any overtime compensation to Hudson during each week he worked in excess of forty hours.

9. Specifically, Hudson was an employee of the Patrick Auto Group. The Patrick Auto Group was Hudson's employer with control over Hudson's actual employment (hiring and firing authority), control over the hours Hudson worked, control over the terms and conditions of Hudson's employment and control over the rules that governed Hudson's work day. The Patrick Auto Group apparently also failed to withhold income taxes or to pay other required employer amounts to the Federal government and State of Indiana. This does not excuse the Patrick Auto Group from complying with the FLSA and Indiana's wage statutes.

10. Additionally, Patrick Auto Group committed additional wage violations against Hudson when it deducted and withheld from his last payment of wages the sum of Two Hundred Sixty Dollars ($260.00). Patrick Auto Group claimed it was charging this $260.00 amount and deducted that sum from Hudson's last pay check to cover costs for required work uniforms. This wage deduction violated the Indiana Wage Assignment Statute. I.C. 22-2-6-2. Hudson had not signed a valid wage assignment that gave the Patrick Auto Group permission to take a deduction from his wages. See I.C. 22-2-6-2(a). After taking this $260.00 deduction from Hudson's last

pay check, Patrick Auto Group gave Hudson a paycheck for the gross sum of $35.50. Hudson was being paid $10.00 per hour at this time. Patrick Auto Group deducted nearly 90% of Hudson's final pay check to cover this alleged cost for uniforms. Such a deduction also violates I.C. 22-2-6-2(b)(14) and I.C. 22-2-6-4. Because Patrick Auto Group had no legal authority to deduct this $260.00 sum from Hudson's final pay check, Patrick Auto Group committed violations of the Indiana Wage Claims Statute and owes damages to Hudson for late payment of his final wages. See I.C. 22-2-9.

11. Patrick Auto Group has intentionally, knowingly, and with reckless disregard violated Hudson's rights to earned wages and overtime, all in violation of the FLSA and the Indiana Wage Claims Statute.

12. By way of this Complaint, Hudson seeks all wages, all unpaid overtime compensation, plus all liquidated damages permitted by law. Additionally, Hudson seeks payment of all of his reasonable attorney's fees, costs and expenses.

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331, 28 USC § 1343, and 29 USC § 201 et seq. This Court has supplemental jurisdiction over Hudson's related claims under the Indiana Wage Claims Statute.

14. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Northern District of Indiana.

## III. PARTIES

15. Hudson is domiciled in and currently resides in Hamet, Starke County, Indiana.

16. Patrick Auto Group is located in Knox, Starke County, Indiana. Jeremiah Patrick is believed to reside and is domiciled in Starke County, Indiana.

## IV. ADMINISTRATIVE PROCEDURES

17. Because he was terminated, Hudson has reported Patrick Auto Group's failure to pay him and timely pay him all of his wages to the Indiana Department of Labor, Wage and Hour Division. Hudson has obtained permission to pursue this matter privately, with his attorney

serving as the Indiana Attorney General's "designee." That permission was issued by the Office of the Indiana Attorney General by letter dated March 7, 2017. This permission allows Hudson to pursue his wage claim under I.C. 22-2-9-2 and I.C. 22-2-9-4, utilizing the remedial provisions of I.C. 22-2-5-2.

## V. STATEMENT OF CLAIMS

### A. CLAIM UNDER THE FAIR LABOR STANDARDS ACT

18. Hudson incorporates herein by reference paragraphs 1 - 12 above.

19. Patrick Auto Group is a covered employer subject to the provisions of the Fair Labor Standards Act, as it is an "enterprise." See 29 USC § 203(s)(1). Further, Patrick Auto Group is an "employer" as that term is defined under the FLSA at 29 USC § 203(d). Patrick Auto Group is a "joint employer" as that term is defined by the FLSA. Finally, Patrick Auto Group is a "person" as that term is defined by the FLSA.

20. For purposes of liability under the FLSA, Defendant Jeremiah Patrick is an "employer," as that term is defined by the FLSA at Section 3(d). Additionally, Mr. Patrick is a "joint employer" as that term is defined by the FLSA. Finally, Mr. Patrick is a "person" as that term is defined by the FLSA.

21. Hudsdon was an hourly paid, non-exempt employee entitled to be paid a minimum wage and, in weeks each worked in excess of forty hours, to overtime compensation.

22. By paying Hudson at an hourly rate of pay less than the FLSA minimum wage of $7.25 per hour, at least for Hudson's last week of employment, Patrick Auto Group violated the minimum wage provisions of the FLSA.

23. By failing to pay Hudson at an premium, overtime rate of compensation for every hour he worked in excess of forty in the majority of weeks Hudson worked for the company, Patrick Auto Group committed significant violations of the overtime provisions of the FLSA.

24. Patrick Auto Group's failure to comply with the Fair Labor Standards Act's provisions regarding minimum wages and overtime compensation is willful and without justification.

25. Hudson seeks all available damages, including all unpaid wages, minimum wages, unpaid overtime compensation itself, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Patrick Auto Group's violations of the Fair Labor Standards Act.

### B. CLAIM UNDER THE INDIANA WAGE CLAIMS STATUTE

26. Hudson incorporates herein by reference paragraphs 1 - 12 above.

27. Patrick Auto Group's failure to pay Hudson his wages, including the wages it illegally deducted from Hudson's last pay check 1) on time and 2) in full were acts of bad faith. Hudson is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages. Hudson's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

28. By way of this Complaint, Hudson is seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times his unpaid wages and his late paid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff William J. Hudson respectfully requests that the Court enter judgment in his favor and against the defendants, Patrick Auto Group, LLC and Jeremiah Patrick, and award to him all available damages, including, but not limited to, unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, statutory damages, any and all equitable relief, plus payment of his reasonable attorney's fees, costs and expenses, and any and all other relief just and proper in the premises.

HUNT, HASSLER, KONDRAS & MILLER LLP
100 Cherry St.
Terre Haute, Indiana 47807
(812) 232-9691

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
kondras@huntlawfirm.net